# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DENARIUS ANTONE ROSCOE, # 169994**                                   **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:18cv59-DCB-MTP**

**JODY BRADLEY, GABRIEL WALKER,**
**MANAGEMENT AND TRAINING**
**CORPORATION, TERRY DANIEL, and**
**OFFICER BARN**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Denarius Antone Roscoe is incarcerated with the Mississippi Department of Corrections, and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, the Court holds that this case should be dismissed.

### BACKGROUND

On May 24, 2018, Plaintiff filed the instant action. He is housed at Wilkinson County Correctional Facility in Woodville, Mississippi. Employed at the prison are Defendants Warden Jody Bradley, Deputy Warden Gabriel Walker, Terry Daniel, and Officer Barn. Defendant Management and Training Corporation ("MTC") is the contractor that runs the prison on behalf of MDOC.

Plaintiff alleges that on April 4, 2018, he was in his cell on close confinement. According to the pleadings, Officer Barn escorted an inmate from the shower, placing the inmate in handcuffs. The inmate came out of his cuffs, stole the guard's keys, unlocked Plaintiff's cell, and stabbed him twice.

Plaintiff claims that Barn had no help escorting the inmate and that Warden Bradley and Deputy Warden Walker allowed single officers to escort single inmates. Plaintiff faults MTC for "putting these people in charge." (Resp. at 1).

Plaintiff proceeds in this case under § 1983, asserting a failure to protect. Plaintiff does not mention any facts against Daniel.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute reads, in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Plaintiff brings this action against Defendants under § 1983, for an alleged failure to protect him from an inmate assault.

2

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . . result[ing] in the denial of 'the minimal civilized measure of life's necessities.'"  *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Deliberate indifference occurs when the official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

Officer Barn is sued for escorting an inmate, without any assistance.   Warden Bradley and Deputy Warden Walker are accused of allowing such practice.   MTC is sued because it hired the wardens.   The Court is not told how Daniel contributed.   But for Defendants, Plaintiff contends he would not have been attacked.   He does not allege that Defendants knew of an excessive risk of harm, if any, associated with single officer escorts, either in general or as it pertains to the alleged attacker.   Furthermore, the Defendants are not alleged to have disregarded such a risk.   The claims against them are therefore frivolous.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be, and is hereby, dismissed with prejudice as frivolous.   A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 5th day of September, 2018.

                     s/David Bramlette
                     UNITED STATES DISTRICT JUDGE